193 So. 323

## THOMPSON v. STATE.

### 4 Div. 540.

Court of Appeals of Alabama.

Nov. 28, 1929.

Rehearing Denied Dec. 19, 1939.

Fleming & Paul, of Elba, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes and Wm. H. Loeb, Asst. Attys. Gen., for the State.

RICE, Judge.

Appellant, indicted and put on trial for murder in the first degree, was convicted of the offense of murder in the second degree and his punishment fixed by the jury at imprisonment in the penitentiary for the term of ten years.

It was duly alleged that he killed Winston Bedsole by shooting him with a shotgun.

But it was the theory of the State, as disclosed by the testimony, that appellant conspired with, or aided, or abetted, or encouraged, one Levy Flowers, who actually did the shooting; which of course meets the requirements of the allegation.

It may be simply remarked that a reading of the bill of exceptions reveals ample evidence upon which the jury were authorized to adopt, as they did, the theory advanced by the State. Appellant's able counsel, who have filed an excellent brief here, do not seriously controvert this statement.

And this leaves not a great deal more to be said.

There was testimony, disputed by appellant, that a fight arose between Bedsole, the deceased, Levy Flowers, and appellant, in the front yard of one Ode Flowers; and that upon Bedsole's going behind Ode Flowers' house into a field, he was followed by Levy Flowers and appellant; and that when they came up with him the shooting followed some little "stamping around." In the face of this, we find no fault with the admission of the testimony that, the next day, "three tracks" were found back there behind Ode Flowers' house. We entertain no doubt whatever the jury understood "human tracks" were meant—in fact the witness practically said so. In one place is the expression: "There was the appearance that some one almost fell and then turned and came back into the road."

And it has been uniformly held that the description of the locus in quo is relevant in homicide cases as tending to prove the circumstances of the homicide. Pruitt v. State, 232 Ala. 421, 168 So. 149.

We agree with appellant's counsel that the expression in the "dying declaration" of Bedsole, as given in evidence: "He (the dying man) said he knowed Levy wouldn't kill his wife's brother" (Levy Flowers and appellant being brothers-in-law—and deceased being quoted by the witness as having said he kept appellant "between him and Levy" as long as he could) was but a conclusion; and should have been excluded on appellant's timely motion duly made.

But not only does it not appear to us, after an examination of the entire cause,

126

"that the error complained of has probably injuriously affected substantial rights of the appellant;" but as we read the testimony on behalf of the State and that on behalf of the defendant (appellant) it is our opinion that the portion of the dying declaration referred to was, if improperly admitted, positively beneficial to appellant. So of course we would not reverse the judgment for its admission.

We think appellant's written, requested, and refused charge 3 was, and has heretofore been held to be, objectionable on other grounds; but it is enough to say here that it was abstract, and hence properly refused.

The other written refused charges have each been examined. In each instance, obviously, as we view it, if the charge was not legally objectionable its substance was covered by and included in either the trial court's excellent oral charge or some one of the numerous charges given at appellant's request.

Every exception reserved on the taking of testimony has been carefully examined by us. It seems enough to say that the rulings underlying each, other than those we have hereinabove discussed, were, if not technically correct, harmless to the defendant.

The case gives every appearance of having been carefully and painstakingly tried both on behalf of the State and the defendant. And the learned trial judge appears to have gone to his usual pains to see that strict justice was administered.

We can find nowhere an erroneous ruling or action for which the judgment of conviction should be reversed.

And it is affirmed.

Affirmed.